OPINION
Lawrence Jaffe entered pleas of no contest to, and was found guilty of, charges of failing to yield the right-of-way and leaving the scene of an accident. The trial court imposed a fine of $1,000 and costs, a ninety-day jail sentence of which sixty days were suspended, an eighteen-month license suspension, and a period of eighteen months unsupervised probation. On appeal, Jaffe advances two assignments of error.
 1. THE TRIAL COURT ERRED AND DENIED APPELLANT HIS FEDERAL RIGHT TO DUE PROCESS WHEN IT REFUSED TO CONDUCT A HEARING BEFORE TRIAL ON THE SUPPRESSION HEARING.
 2. THE OHIO CONSTITUTION GUARANTEES A DEFENDANT THE RIGHT TO CHALLENGE ALLEGEDLY UNCONSTITUTIONAL IDENTIFICATION PROCEDURES BY WAY OF A PRE-TRIAL MOTION TO SUPPRESS.
Jaffe concedes that the case law provides scant support for these assignments.
The facts gleaned from the record are largely undisputed. The driver of a Cadillac failed to yield the right-of-way to a van driven by a Mrs. Roberts in which three children were passengers. A collision resulted which caused the van to go out of control and land on its top. The driver of the Cadillac left the accident scene without stopping, but a bumper from his car bearing a vanity license plate with the letters "TRINIDAD" was left at the scene, which was eventually traced to Jaffe. Prior to trial, Jaffe filed a "motion to suppress/motion in limine," hereinafter "motion to suppress," wherein he sought "an order suppressing and limiting any identification, including in court identification of the defendant. . . ." In support of his motion, Jaffe argued by memorandum as follows:
 On or about May 4, 1999, a car accident occurred on State Route 48 near Aberdeen Avenue, involving a 1993 Dodge Van and allegedly a car bearing the license tag "Trinidad." According to the discovery information provided by the prosecution, no independent identification procedure of any kind has ever been employed by investigating officers to establish the Defendant as the driver of the "Trinidad" vehicle. The Defendant expects the prosecution to offer certain "eye witness" descriptions of the alleged driver during trial. Additionally, it is expected the government will ask its witnesses to try and identify this Defendant in the courtroom.
 The United States Supreme Court had held that impermissibly suggestive identification procedures are not permitted. Neil v. Biggers (1972), 409 U.S. 188. Timing, surrounding physical conditions, age and emotional attributes of the witnesses, statements or actions by the investigators and the actual identification method(s) employed are all factors that must be carefully scrutinized. Simmons v. United States
(1968), 390 U.S. 377, 385.
 In this case, witnesses suffered a highly traumatizing event. It will be shown that such emotional pressure seriously compromised the individuals' ability to accurately receive or report identification information. It is also believed that witnesses were unduly influenced in their alleged identifications by bystanders and the Oakwood Police. Additionally, although police determined the Defendant to be a suspect within hours of the car accident, no witness during the last four (4) months has ever been asked to identify the Defendant. Still, in light of the foregoing, the State will attempt to have its witnesses identify the lone Defendant at counsel table during trial as the driver of the "Trinidad" vehicle. Worse, descriptions of the Defendant and perhaps photos of him have been given and shown to potential witnesses.
 Reliability of identification testimony is critical in determining the admissibility of such evidence. Id. In this case, no weight can be given to any in or out of court identification of the Defendant due to the highly suggestive circumstances surrounding such a process. The Court must therefore, suppress any such identifications and prohibit the witnesses offered by the State from offering any identification information of the alleged driver of the "Trinidad" vehicle.
Although the trial court allowed Jaffe to argue his motion to suppress, the trial court was persuaded by the prosecutor that Jaffe was not entitled to an evidentiary hearing on his motion, and the trial court overruled the motion, after which Jaffe entered pleas of no contest. The trial court's refusal to conduct an evidentiary hearing forms the basis for this appeal.
In Watkins v. Sowders (1981), 449 U.S. 341, the court held that the Due Process Clause of the Fourteenth Amendment does not require a state trial court to conduct a hearing out of the jury's presence whenever a defendant contends that a witness' identification of him was arrived at improperly. Distinguishing allegations of coerced confessions from allegations of improper identification procedures, the court stated that where identification evidence is at issue, there are no special considerations justifying a departure from the presumption that juries will follow instructions, and further stated that the proper evaluation of identification evidence for reliability, under the instructions of the trial judge, "is the very task of our system must assume juries can perform." pp. 345-7. The majority opinion concluded with the statement:
 A judicial determination outside the presence of the jury of the admissibility of identification evidence may often be advisable. In some circumstances, not presented here, such a determination may be constitutionally necessary. But it does not follow that the constitution requires a per se rule compelling such a procedure in every case.
We cited Watkins v. Sowders with approval in State v. Jenkins
(July 8, 1981), Greene App. No. 1213, unreported, in overruling an assignment of error remarkably similar to Jaffe's assignments.
In the two cases consolidated for review in Watkins, the police had employed identification procedures to identify the defendants, but the court held that that due process did not require a hearing outside the jury's presence to determine admissibility. Jaffe attempts to distinguish Watkins based on the fact that rigorous cross-examination on the identification issue occurred at trial in each case, and "the identification procedures also did not appear to be inherently prejudicial."
Jaffe has forfeited the first point of distinction by electing to plead no contest rather than go to trial. As to the second point of distinction, the supreme court did not concern itself with the particulars of the identification procedures in deciding the case, although the lower courts had done so and found no constitutional infirmity.
What is remarkable in this case is the lack of any demonstration in the record that the police employed any
identification procedures. Indeed, the prosecutor represented there had been none:
 Mr. Rion (defense counsel) is aware through discovery and also my discussion that there were no pretrial procedures used by the police for the identification of Mr. Jaffe. There was no photo procedure. There was no lineup, no show ups on this particular case. So we have no pretrial procedures that were employed by the police for the identification of the defendant in this case. The Court is aware that the constitution doesn't require us or the case law doesn't require the police to do such a lineup. There is no such requirement.
Given the fact that Jaffe left his signature, i.e., the bumper with the vanity license plate, at the scene, it is not surprising that the police in this case did not employ identification procedures.
Jaffe contends that the trial court should not have accepted the prosecutor's word that the police had not employed identification procedures. Suffice it to say that the prosecutor represented to the trial court, unchallenged by defense counsel, that he had presented defense counsel with "full discovery" including "five if not six witness statements of various individuals that witnessed this accident. . . ." We also agree with the prosecutor's statement that defense counsel "could have contacted all of these witnesses to see what they were going to say. . . ." It seems to be clear from the record that defense counsel failed to do so. In our judgment, the trial court acted well within its discretion in declining Jaffe's request for an evidentiary hearing where defense counsel furnished absolutely no factual basis for a pretrial evidentiary hearing on an issue which the jury is presumed to be capable of resolving.
Jaffe is correct that the Supreme Court of Ohio has on occasion interpreted the state constitution as affording greater protections than the federal constitution. See State v. Brown
(1992), 63 Ohio St.3d 349. He also admits there is no case law that directly supports his contention that he was entitled to an evidentiary hearing. In any event, we need not decide in this case whether the state constitution provides greater protections than the federal constitution, as interpreted in Watkins. Jaffe has waived his state constitutional argument by failing to assert it in the trial court. By way of dicta, we would observe that where, as here, a defendant alleges impermissible police identification procedures but, having been afforded full discovery, cannot factually represent that any police identification procedures were employed, a trial court does not deprive the defendant of protection afforded by the state constitution in denying a request for a pretrial evidentiary hearing on the issue of identification.
The assignments of error are overruled.
The judgment will be affirmed.
KERNS, J., concurs.
GRADY, P.J., concurs in judgment only.
(Hon. Joseph D. Kerns sitting by assignment of the Chief Justice of the Supreme Court of Ohio).